[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------
No. 05-12611
Non-Argument Calendar
----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 6, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-00118-CV-CDL-3

JAMES LAWSON CARR,

Plaintiff-Appellant,

versus

PUBLIX SUPER MARKETS, INC.,

Defendant-Appellee.

------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
------------------------------------------------------------------

**(February 6, 2006)**

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant James Lawson Carr appeals the grant of summary judgment in favor of his former employer, Publix Supermarkets, Inc. ("Publix"), in Carr's suit claiming violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.* No reversible error has been shown; we affirm.

Carr had a cancerous tumor in his right arm as a child that required the replacement of his right humerus with a cadaver bone that is supported by a metal rod and pins. Carr began working at Publix in July 2001 as a front service clerk whose duties included bagging customers' groceries and taking the groceries to customers' cars. About a year later, Carr was promoted to a cashier position. In February 2003, while working as a cashier, Carr experienced a sharp, persistent pain in his upper right arm when he attempted to lift a bag of dog food with his right arm. The following month, Carr's doctor issued a work restriction that limited Carr to lifting no more than five pounds with his right arm and advised against repetitive lifting activities with his right arm. Carr's doctor also told him that he should stop working as a cashier. Carr told Bennett, his supervisor, that he did not think he should work as a cashier any longer and wanted a different assignment. According to Carr, Bennett said that she would see what she could do. Anticipating reassignment, Carr continued to perform his cashier job.

Carr again approached Bennett about an alternative assignment. Bennett suggested that Carr do more leveling (straightening shelves) and go-backs (returning product to shelves), stay off the express line, and try to always have a bagger. Carr requested positions as an Office Cashier, Deli Cashier or Pharmacy Clerk because he believed those positions were less physically demanding. When no reassignment was forthcoming, Carr sought assistance from the Assistant Store Manager, Barnes. According to Carr, Barnes said Office Cashier openings existed, but Bennett refused to allow the transfer unless Carr agreed to increase his hours and to work weekends. Carr continued in his cashier position; in May 2003 he experienced terrible pain in his arm when he tried to lift a bag of charcoal. Carr left the register and explained to Bennett and the Store Manager that he could not keep working the register. Carr left Publix and never returned to work; Carr did continue to make inquiries about reassignment to another position.

In his complaint, Carr contended that he had a disability, as defined by the ADA, but that he was able to perform the essential functions of his job within acceptable limits. He alleged that Publix was aware of his disability, that he requested reasonable accommodation, and that, despite his qualification and the availability of reasonable accommodations, Publix refused to accommodate his disability and forced Carr to quit his job.

The district court granted Publix's motion for summary judgment concluding that Carr failed to establish a prima facie case of discrimination under the ADA. To establish a prima facie case of discrimination under the ADA, a plaintiff must show that he (1) is disabled; (2) is a "qualified individual," and (3) was discriminated against because of his disability. Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000). The district court's grant of summary judgment rested on its conclusion that Carr failed to establish a triable issue on whether he was disabled within the meaning of the ADA.

The parties agree that Carr's right arm is impaired, but an impairment constitutes an actual disability under the ADA only if it "substantially limits one or more of the major life activities" of the impaired person.[1] 42 U.S.C. § 12102(2)(A); Hilburn v. Murata Elecs. N. America, Inc., 181 F.3d 1220, 1226 (11th Cir. 1999) ("a physical impairment alone is not necessarily a disability under the ADA"). Carr's complaint alleged that he was substantially limited in the activities of caring for himself and performing manual tasks, both of which activities are set out as major life activities in the regulations. See 29 C.F.R. §

---

[1]In addition to an actual disability, the ADA includes within the definition of disability a record of such an impairment, 42 U.S.C. §12102(2)(B), and being regarded as having such an impairment, 42 U.S.C. §12102(2)(C).

1630.2(i). "Substantially limited" has no definition in the ADA,[2] but we are told

by the Supreme Court that the term should be interpreted to create a "demanding

standard." Toyota Motor Mfg., Ky., Inc. v. Williams, 122 S.Ct. 681, 691 (2002).

And, as the Supreme Court has opined,

> to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives.

Id.

Based on Carr's testimony that he is able to perform many activities of daily

living with his right hand and is able to take care of himself without assistance by

compensating with his fully-functional left hand, the district court concluded as a

matter of law that Carr's impaired right arm did not substantially limit Carr in the

major life activities of caring for himself or performing manual tasks.

---

[2]"Substantially limits" is defined by regulations issued by the EEOC as:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

Carr argues that the district court erred in its focus by referencing what Carr could do instead of citing the obstacles Carr faced. But the Supreme Court has made clear that the ADA requires

> that a person be presently -- not potentially or hypothetically -- substantially limited in order to demonstrate a disability. A 'disability' exists only where an impairment 'substantially limits' a major life activity, not where it 'might,' 'could,' or 'would' be substantially limiting if mitigating measures were not taken.

Sutton v. United Air Lines, Inc., 119 S.Ct. 2139, 2146 (1999). Mitigating measures -- be they natural or adaptive, artificial aids such as medications or protheses, or measures undertaken by the body's own systems -- must be considered when making a "substantially limiting" determination. Albertson's, Inc. v Kirkingburg, 119 S.Ct. 2162, 2169 (1999). That a person suffers a diminished activity tolerance for normal daily activities alone does not equate with a substantial limitation. See Chanda v. Engelhard, 234 F.3d 1219, 1222 (11th Cir. 2000); Hilburn, 181 F.3d at 1228.

By his own account and to Carr's credit, Carr has learned successfully to live with his impaired arm in a manner that little restricts his major activities. Viewing the evidence in a light most favorable to Carr, we see no genuine issue of material fact: in the light of Carr's testimony that he is able to care for himself

without assistance and that he has "pretty good" use of his right hand, insufficient evidence has been proffered to create a triable issue. Carr's inability to perform certain tasks with his right arm was not shown to limit substantially his ability to perform manual tasks central to his daily life or otherwise to care for himself.[3] No disability has been shown for purposes of establishing a prima facie case under the ADA.

We have also reviewed and find without merit Carr's contention that he was disabled under the ADA based upon a record of an impairment. See 42 U.S.C. § 12102(2)(B). To establish a record of impairment under the ADA sufficient to be considered disabled, the record of impairment must show that the impairment

---

[3]Although Carr's complaint referenced the major life activities of caring for himself and performing manual tasks, Carr's brief focuses especially on lifting as a particular manual task about which Carr suffers a substantial limitation. But, as we have noted, the Supreme Court requires that a person be prevented or severely limited in doing activities that are of central importance to most people's daily lives to show a substantial limitation in performing manual tasks. While the record shows that Carr's lifting limitation may have substantially limited his ability to perform the particular job of front-end cashier at Publix, the record fails to disclose how Carr's lifting limitation (specific to his right, albeit dominant, arm) interfered substantially with his ability to perform manual tasks generally. See Chandra, 234 F.3d at 1222 ( citing Hilburn, 181 F.3d at 1228, concluded that "a diminished activity tolerance for normal daily activities such as lifting, ... as well as a lifting restriction" constitutes no disability under the ADA. And, in Chandra, 234 F.3d at 1223, we also said that "a plaintiff must demonstrate that he is substantially limited in a range of manual tesks rather than a narrow category thereof." While Carr may have argued (though he did not) that the basic motor function of "lifting" is itself a major life activity, see 29 C.F.R. Pt. 1630, App. 1630.2(i), we doubt that a lifting limitation states a per se ADA disability. See Nuzum v. Ozark Automotive Distributors, Inc., ___ F.3d ___, 2005 WL 3526707 *4-*5 (8th Cir. Dec. 27, 2005) (although lifting may be designated as a major life activity, a finding of disability turns not on a particular motor ability limitation but on the net effect of the limitation on the set of activities that are of central importance to most people's daily lives).

7

substantially limited the claimant in one or more of his major life activities.  See

Chanda, 234 F.3d at 1224 n.33; Hilburn, 181 F.3d at 1229.  Neither the x-rays or

lifting restriction set out in the physician's note presented by Carr to Publix show

a substantial limitation sufficient to establish a record of a disabling impairment.

AFFIRMED.